FILED
United States Court of Appeals
Tenth Circuit

December 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRANDON WAYNE BROWN,

        Petitioner-Appellant,

   v.

DEPARTMENT OF
CORRECTIONS OKLAHOMA
STATE PENITENTIARY, Warden,

        Respondent-Appellee.

No. 14-6178
(D.C. No. 5:13-CV-00520-R)
(W.D. Oklahoma)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND DISMISSING THE APPEAL**

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Mr. Brandon Brown is an Oklahoma inmate who applied for a writ of habeas corpus. In the application, he asserted claims related to prosecutorial misconduct, invalidity of a guilty plea, and disproportionality of the sentences. The federal district court denied relief.

Mr. Brown requests a certificate of appealability to appeal the denial of habeas relief. We conclude that Mr. Brown's claims are not

reasonably debatable.  Accordingly, we decline a certificate of appealability and dismiss the appeal.

## Standard for a Certificate of Appealability

To appeal, Mr. Brown needs a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A) (2012).  For the certificate, Mr. Brown must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012).  This showing exists only if reasonable jurists could find the district court's rulings debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Prosecutorial Misconduct

Mr. Brown claims the prosecutor engaged in prosecutorial misconduct in the sentencing hearing by urging the court to impose a harsh sentence based on uncharged acts.  In Mr. Brown's view, the court should not have considered uncharged acts because there was not any evidence of them.

The state appeals court rejected this claim on the merits.  Thus, if we were to entertain the appeal, Mr. Brown would have to justify habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996.  Under this statute, the federal district court could grant habeas relief only if Mr. Brown showed an unreasonable determination of the facts or a decision that contradicted or failed to

reasonably apply clearly established federal law. *See* 28 U.S.C. § 2254(d)(1)-(2) (2012).

The Oklahoma Court of Criminal Appeals rejected the claim based on a presumption that the trial court confined its analysis to admissible evidence. R., vol. 1 at 100. No jurist could legitimately regard this as an unreasonable determination of the facts or clearly established federal law.

When the trial judge imposed the sentence, he did not refer to any of the uncharged acts. Instead, the judge stated that Mr. Brown had violated court orders and equivocated in his testimony about (1) whether he had touched his daughter's vagina with his tongue, and (2) whether he had perjury charges. Sent. Tr. at 121-22. Any habeas court would regard the sentencing judge's analysis of the evidence as reasonable.

The sentencing judge referred in part to Mr. Brown's violation of court orders. *Id.* at 121. This reference was supported by the record. On direct examination, Mr. Brown admitted that he had continued to see all of his children "against the Court's permission." *Id.* at 32-33. And, on cross-examination, Mr. Brown admitted violating court orders in a juvenile case. *Id.* at 93.

The judge also referred to equivocation by Mr. Brown. This equivocation included whether he had touched the girl's vagina with

3

his tongue. On direct examination, Mr. Brown admitted that he had done so.[1] But, on cross-examination, Mr. Brown testified that his tongue had never touched any part of H.J.'s genital area. *Id.* at 78-79. The inconsistency led the sentencing judge to comment that Mr. Brown had "equivocated about touching [H.J.'s] vagina with [his] tongue." *Id.* at 122.

Finally, the sentencing judge remarked that Mr. Brown had equivocated over perjury charges. *Id.* at 122. Before trial, Mr. Brown pleaded no contest to two counts involving subornation of perjury. Plea Hr'g Tr. at 4-6. He later explained that he wanted to plead guilty, rather than no-contest, but disagreed with the date range that had been alleged. Sentencing Tr. at 18. Nonetheless, Mr. Brown resisted when asked whether he had pleaded guilty to subornation of perjury:

> Q.    And [T.] was yet another witness in this case that you have pled guilty to subornation of perjury?
>
> A.    When Judge Ring made that order, he was not a witness in the case, no.

---

[1]    Mr. Brown's attorney asked on direct examination: "She [H.J., the victim] also testified at the preliminary hearing that you [Mr. Brown] touched her vaginal area with your tongue, again, on the outside. Did that happen?" Sentencing Tr. at 19. Mr. Brown answered: "Yes." *Id.*

4

> Q. But my question was: [T.] is yet another witness in this case that you have pled guilty to subornation of perjury?
>
> A. I pled no contest, but . . .
>
> Q. Another child that you asked to lie to cover up what you did to [H.]?
>
> A. We never asked the children to lie.

Sentencing Tr. at 95-96.

Based on this exchange, the sentencing judge remarked that Mr. Brown had "equivocated about the perjury charges." *Id*. at 122. Any jurist would have to consider this remark a reasonable interpretation of the evidence.

In an appeal, Mr. Brown could argue that the prosecutor referred to matters without evidence. But, the state appeals court determined that Mr. Brown had failed to overcome a presumption that the sentencing judge relied solely on the evidence. This determination involved a reasonable interpretation of the evidence, for the judge explained the sentence based on matters supported by Mr. Brown's testimony. And, the judge later clarified that he had relied solely on the testimony.[2] In light of this explanation and

---

[2] The trial judge also stated during Mr. Brown's motion to withdraw the plea "that there was nothing at sentencing that was adduced by either side, neither in mitigation, nor in exacerbation, . . . that bore on [the court's] decision more than what the defendant's

5

clarification, no jurist could regard the state appeals court's decision as an unreasonable determination of the facts or clearly established federal law.

**Voluntariness of the Underlying Plea**

The same is true of Mr. Brown's argument on the invalidity of his plea. Mr. Brown testified that he understood that the maximum sentence for child sexual abuse was life imprisonment and acknowledged ineligibility for parole until he had served 85 percent of his sentences. And, in his written plea, he acknowledged the maximum was ten years for subornation of perjury. Plea Hr'g Tr. at 7-12. *See* 21 Okla. Stat. §§ 500(2), 505 (2001) (subornation of perjury); 10 Okla. Stat. § 7115(E) (2001) (child sexual abuse). Thus, he had a full understanding of the consequences of his plea.

Mr. Brown argues that he did not know the sentencing proceeding would be unfair. But, as discussed above, the sentencing judge relied solely on the evidence. In these circumstances, no reasonable jurist could credit Mr. Brown's challenge to the validity of his plea.

---

own testimony was, and the record in this case." Motion to Withdraw Tr. at 57.

**Disproportionate Sentences**

Mr. Brown claims his three concurrent sentences of 30 years for child sexual abuse are disproportionate to his crimes. Again, no reasonable jurist could credit this argument.

In an appeal, the threshold issue would be whether the Supreme Court has clearly established a constitutional right. *See House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008). The Supreme Court has done so, recognizing a constitutional right to proportionality between the sentence and the crime. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

In light of this recognition of a constitutional right, the issue in a habeas appeal would be whether the state appeals court reached a decision that contradicted or unreasonably applied Supreme Court precedent. 28 U.S.C. § 2254(d)(1) (2012). Under the "contrary to" clause, the federal district court may grant the writ "if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application clause," the federal district court may grant the writ only if "the state court's application of clearly established federal law was objectively unreasonable." *Id.*, 529 U.S. at 409.

7

The state appeals court's decision was consistent with Supreme Court precedents. In *Harmelin v. Michigan*, the Supreme Court held that a sentence of life imprisonment without a possibility of parole was constitutional for someone convicted of a serious drug crime. 501 U.S. 957, 961, 996 (1991). And, in *Rummel v. Estelle*, the Supreme Court upheld a sentence of life imprisonment for a repeat offender convicted of relatively minor felonies. *Rummel v. Estelle*, 445 U.S. 263, 265-66, 284-85 (1980).

In light of these decisions, the state appeals court could reasonably have determined that Mr. Brown's sentence was proportionate to the crime. The crime was serious,[3] and the court could have sentenced Mr. Brown to life imprisonment.[4] In giving Mr. Brown a lesser sentence of 30 years, the trial court did not contradict or fail to reasonably apply Supreme Court precedents on proportionality. *See United States v. Dowell*, 771 F.3d 162, 169 (4th Cir. 2014) (holding that an 80-year sentence for production of child pornography was not disproportionate to the crime because of the devastating consequences of sexual abuse of children). Thus, no reasonable jurist could credit Mr. Brown's challenge to the sentence.

---

[3]     *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir. 1994) ("Sexual molestation of a child is a very serious offense.").

[4]     Okla. Stat. tit. 10, § 7115(E) (2001).

## Breach of the Plea Agreement

In the course of discussing the appeal point on prosecutorial misconduct, Mr. Brown alleges breach of the plea agreement. But, this allegation did not appear in the habeas petition. No reasonable jurist could credit an appeal point on a claim that had been omitted from the habeas petition. *See United States v. Flood*, 713 F.3d 1281, 1291 (10th Cir.) (declining to grant a certificate of appealability on a claim that had not been adequately presented in district court), *cert. denied*, __ U.S. __, 134 S. Ct. 341 (2013).

## In Forma Pauperis

Mr. Brown seeks not only a certificate of appealability, but also leave to proceed in forma pauperis. Because we have dismissed the appeal, the application for pauper status is dismissed on the ground of mootness. *Johnson v. Keith*, 726 F.3d 1134, 1136 (10th Cir. 2013) (denying leave to proceed in forma pauperis on the ground of mootness upon denial of a certificate of appealability).

Entered for the Court

Robert E. Bacharach
Circuit Judge

9